State v. Washington

---

STATE OF NORTH CAROLINA v. DARRYL WASHINGTON

No. 8226SC358

(Filed 16 November 1982)

1. **Criminal Law § 91— Speedy Trial Act—dismissal of charge without prejudice—failure to make pertinent findings—no abuse of discretion**

    The trial court did not abuse its discretion in ordering the dismissal of a robbery charge against defendant without prejudice for the State's failure to comply with the Speedy Trial Act although the court failed to include in its order findings as to the factors set forth in G.S. 15A-703(a) for use by the court in determining whether a dismissal should be with or without prejudice.

2. **Criminal Law §§ 76.10, 178— two confessions—prior appellate decision—law of the case**

    Where defendant in another robbery case made a motion to suppress confessions to the robbery in that case and the robbery in the present case and asserted the same grounds in support of his motion with respect to each confession, the Court of Appeals decision finding that the motion was properly denied as to the confession used in the prior case became the law of the case as to the confession used in the present case.

3. **Constitutional Law § 65— right to confront witnesses not violated**

    An officer's testimony that before he interrogated defendant he had talked with defendant's alleged accomplice, who was not present at defendant's trial, did not violate defendant's constitutional right to confront the witnesses against him where the substance of anything the accomplice might have said was not before the jury.

APPEAL by defendant from *Morgan, Judge.* Judgment entered 7 October 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 October 1982.

Defendant, Darryl Washington, was indicted for the robbery, with a firearm, of a Taco Bell restaurant. The offense was allegedly accomplished with the aid of an accomplice, Charles Grier, who was neither tried with defendant nor a witness against him. Defendant moved to suppress inculpatory statements made to police investigators during an in-custody interrogation. Judge Snepp heard and denied defendant's motion to suppress, and his statements were offered against him at trial. Defendant next made a motion for a dismissal with prejudice, on the grounds of post-indictment delay, pursuant to N.C.G.S. 15A-701 *et seq.*—the Speedy Trial Act. Judge Johnson heard this motion and granted a dismissal without prejudice. Judge Johnson's order was based on findings that 212 days had elapsed since the indictment; that 90 of those days were excludable under the Act; that, therefore, a total of 122 days had elapsed, entitling defendant to a dismissal; and that, for good cause shown, the dismissal was without prejudice and the State was free to seek a new indictment against defendant. Thereafter, defendant was re-indicted and tried for robbery with a firearm. The jury returned a verdict of guilty and Judge Morgan, the trial judge, entered judgment on the verdict, committing defendant to an active sentence of imprisonment. Defendant appealed from that judgment.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Francis W. Crawley, for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Marc D. Towler, for defendant.*

WELLS, Judge.

[1] By his first assignment of error, defendant contends that Judge Johnson erred in granting defendant a dismissal without prejudice for the State's failure to comply with the Speedy Trial Act because he failed to establish in the record that he had considered the factors set out by the legislature as those the court must consider in deciding whether to dismiss a case with or without prejudice. G.S. 15A-703(a) provides, in part:

In determining whether to order the charge's dismissal with or without prejudice, the court shall consider, among other matters, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; the impact of a reprosecution on the administration of this Article and on the administration of justice.

In *State v. Moore*, 51 N.C. App. 26, 275 S.E. 2d 257 (1981) this court made observations "for the guidance of the bench and bar" which included the following:

The Statute . . . leaves in the discretion of the trial court the determination of whether dismissal should be with or without prejudice. It *mandates*, however, that the court consider *each* of the factors set forth in making that determination. Thus, failure to establish in the record that the court has considered each of these factors, and to establish its conclusions with regard to each, may leave the reviewing court no choice but to find an abuse of discretion. . . . We . . . suggest that trial courts detail for the record findings of fact and conclusions therefrom demonstrating compliance with the mandate of G.S. 15A-703 that the factors set forth therein be considered in determining whether motions to dismiss for noncompliance with the Speedy Trial Act should be granted with or without prejudice.

The face of Judge Johnson's order, granting defendant's motion to dismiss for lack of a speedy trial, does not contain any of the findings or conclusions suggested by us in *Moore, supra*. While we endorse the suggestions made in *Moore*, we note that Judge Johnson's order in this case was entered on 30 June 1981, less than four months after our opinion in *Moore* was filed, and we assume, therefore, that it is entirely possible that at the time he entered his order, Judge Johnson had not had the benefit of our advice in *Moore*. Judge Johnson, an able and experienced trial judge, in order to rule on defendant's motion, would necessarily have been familiar with the nature of the case and the implication of his order. Under these circumstances, we are unwilling to find an abuse of discretion and this assignment of error is overruled.

[2] By his second assignment of error, defendant contends that Judge Snepp erred in denying his motion to suppress his in-custo-

dy statement. Defendant's motion to suppress was based on his contentions that he did not freely and voluntarily waive his *Miranda* rights and that the statement was coerced by threats and promises of the investigating officers. The court below rejected these contentions of defendant and refused to suppress defendant's statement upon finding that defendant freely and voluntarily waived his *Miranda* rights and made the statement without threats or coercion. In *State v. Washington*, 57 N.C. App. 309, 291 S.E. 2d 270 (1982), this Court reviewed Judge Snepp's order denying defendant's motion to suppress another statement made by defendant at the same time he made the statement used against him in the present case. Defendant made one motion to have both statements suppressed and asserted the same grounds in support of his motion with regard to each confession. This Court, in *Washington, supra,* held that the findings of fact made by the court below were supported by competent evidence and that defendant's motion was properly denied. Our decision on this point in *Washington* is the law of the case, *see State v. Wright,* 275 N.C. 242, 166 S.E. 2d 681, *cert. denied* 396 U.S. 934, 90 S.Ct. 275, 24 L.Ed. 2d 232 (1969), and is binding upon us in this case. This assignment of error is overruled.

[3] By his third assignment of error, defendant contends that the trial court erred in permitting Officer Mitchell, the State's witness who interrogated defendant, to testify to the fact that before he interrogated defendant he had talked to Charles Grier, defendant's alleged accomplice. Defendant maintains that by allowing this evidence, when Grier was not present at defendant's trial, the trial court violated defendant's constitutional right to confront witnesses against him. This argument is without merit and defendant's third assignment of error must be overruled. A defendant's right to confront his accusers and witnesses against him is guaranteed by Art. I § 23 of the Constitution of North Carolina. Grier was neither an accuser of nor a witness offering evidence tending to inculpate defendant. *Cf. State v. Porter,* 303 N.C. 680, 281 S.E. 2d 377 (1981). The substance of anything Grier might have said was not before the jury. This assignment of error is overruled.

Defendant received a fair trial, free of prejudicial error. We find

No error.

Judges VAUGHN and WHICHARD concur.