State v. Smith

V

---

STATE OF NORTH CAROLINA v. ALTON GORDON SMITH

No. 8316SC1175

(Filed 4 September 1984)

**1. Criminal Law § 92.3— refusal to consolidate charges—no transactional connection**

  The trial court properly refused to consolidate breaking or entering and larceny charges filed against defendant in Robeson County with breaking or entering and larceny charges filed against him in Scotland County where the crimes lacked a transactional connection, there being no requirement of joinder based upon a common *modus operandi*.

**2. Criminal Law § 91— speedy trial violation—dismissal of charges "without prejudice"—insufficient findings**

    The court erred in dismissing indictments against defendant "without prejudice" for the State's violation of the speedy trial statutes where the court's order did not contain findings of fact relating to each of the factors set forth in G.S. 15A-703.

**3. Constitutional Law § 50— constitutional right to speedy trial—delay between original indictment and trial**

    Defendant's constitutional right to a speedy trial was not violated by a year's delay between the original indictments and his trial where the delay was caused by the unavailability of defendant while he was in custody of federal marshals, the unavailability of a key State's witness while he was recuperating from an injury, and the pendency of motions filed by defendant, and where defendant failed to show any prejudice resulting from the delay.

APPEAL by defendant from *Herring, Judge.* Judgments entered 22 April 1983 in SCOTLAND County Superior Court. Heard in the Court of Appeals 22 August 1984.

On 19 April 1982, defendant was indicted on five counts of felonious breaking or entering and five counts of felonious larceny. Defendant was charged with two similar offenses in Robeson County. On 5 May 1982, defendant filed a motion to join the Robeson County and Scotland County cases for trial. On 28 September the motion was denied and on 30 September defendant was convicted of felonious breaking or entering and felonious larceny in Robeson County. On 2 February 1983 defendant filed a motion to dismiss the Scotland County cases for a violation of his right to a speedy trial. This motion was allowed without prejudice. On 11 April 1983, the grand jury returned a second set of indictments charging defendant with the same offenses.

As a result of a plea bargain, Timothy Cox, who was arrested on 30 December 1981 for these offenses, became the principal witness against defendant. Cox's testimony tended to show that in November 1981 defendant talked with him about committing some burglaries. He testified that defendant told him how to gain entry by crushing the doorknob with pliers and prying the door open. On 27 November 1981 defendant took him to the residence of Tony Davis, where he broke in and took various items of value. After the break-in defendant picked him up a short distance from the Davis residence. Later that same afternoon defendant dropped Cox off about a hundred yards from the Strickland

residence. Cox broke in and took various items of jewelry and cash. Defendant picked Cox up a short distance from the house and he and Cox divided the money and buried the jewelry in defendant's backyard.

Cox also testified that defendant told him that Joyce Howell's residence contained valuable diamonds. Defendant then dropped Cox off a short distance from the Howell residence. Cox entered the residence and stole a pistol and some jewelry. This jewelry was also buried in defendant's backyard. Cox's testimony also implicated defendant in a break-in which occurred at the Elmer Kottyan residence which resulted in the theft of several items including jewelry.

Cox also connected defendant to some burglaries which occurred in Robeson County. The state offered evidence from two other witnesses. One witness testified that defendant had earlier solicited him to break into the Howell residence and had talked with him about the items taken from the house. The other witness testified that defendant had bought jewelry from her knowing the same to be stolen and had encouraged her to steal certain items from her best friend. Defendant offered no evidence.

The jury convicted defendant of four counts of breaking or entering and four counts of larceny. Defendant was sentenced to ten years imprisonment for the breaking or entering convictions and to a consecutive ten-year term for the larcenies. From these judgments defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General William R. Shenton, for the State.*

*Appellate Defender Adam Stein, by James R. Glover of the Appellate Defender Clinic of the University of North Carolina School of Law, for defendant.*

WELLS, Judge.

[1] Defendant first contends that the trial court erred by denying his motion to consolidate for trial the charges filed against him in Robeson County with the Scotland County charges. N.C. Gen. Stat. § 15A-926 (1975) in pertinent part provides:

(a) Joinder of Offenses. — Two or more offenses may be joined in one pleading or for trial when the offenses . . . are

based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. . . .

. . .

(c) Failure to Join Related Offenses.

(1) When a defendant has been charged with two or more offenses joinable under subsection (a) his timely motion to join them for trial must be granted unless the court determines . . . for some other reason, the ends of justice would be defeated if the motion were granted. . . .

G.S. § 15A-926 requires a "transactional occurrence" between offenses sought to be joined for trial. *State v. Avery*, 302 N.C. 517, 276 S.E. 2d 699 (1981). The statute does not require joinder based merely upon the fact that offenses are of the same class or crime or have common characteristics. *See State v. Wilson*, 57 N.C. App. 444, 291 S.E. 2d 830, *disc. rev. denied*, 306 N.C. 563, 294 S.E. 2d 375 (1982). Our research has revealed no cases which have required joinder based upon a common *modus operandi*. In cases where joinder has been found to be proper the common denominator has been the short time interval during which the crimes were committed. *See State v. Clark*, 301 N.C. 176, 270 S.E. 2d 425 (1980) (where the joined offenses occurred during the same afternoon); *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978) (where the offenses occurred within a three hour time span); and *State v. Old*, 272 N.C. 42, 157 S.E. 2d 651 (1967) (where offenses occurred with two hour time span).

The defendant relies upon a statement by the District Attorney that the break-ins were conducted according to a "common scheme or common design" to support his right to joinder. By this statement the prosecutor was apparently referring to the fact that all the crimes had common characteristics or a similar *modus operandi*. The crucial element of time is missing from the equation. The crimes were committed over the period of a month's time and, therefore, lack the transactional connection to require that they be joined for trial under the theory that they were all parts of a single scheme or plan. The trial court properly denied defendant's motion to join the Robeson County and Scotland County cases for trial. The assignments of error are overruled.

Next defendant argues that he was entitled to have the charges against him dismissed with prejudice because of a denial of his statutory and constitutional rights to a speedy trial. Defendant was indicted for these offenses on 19 April 1982. The indictments were dismissed without prejudice on 9 February 1983 because of the state's violation of the speedy trial statutes. On 11 April 1983 defendant was again indicted on these offenses. Defendant now argues the court erred by failing to dismiss the original cases with prejudice.

[2]  Whether a case should be dismissed with or without prejudice because of a violation of the speedy trial statutes is governed by N.C. Gen. Stat. § 15A-703 (1983). The factors to be considered are: (1) the seriousness of the offenses; (2) the facts and circumstances that led to dismissal; (3) the impact of re-prosecution on the administration of the Article; and (4) the impact of re-prosecution on the administration of justice. This court has interpreted G.S. § 15A-703 as follows:

> The Statute . . . leaves in the discretion of the trial court the determination of whether dismissal should be with or without prejudice. It *mandates*, however, that the court consider *each* of the factors set forth in making that determination. Thus, failure to establish in the record that the court has considered each of these factors, and to establish its conclusions with regard to each, may leave the reviewing court no choice but to find an abuse of discretion . . . . We . . . suggest that trial courts detail for the record findings of fact and conclusions therefrom demonstrating compliance with the mandate of [the Statute] . . . . [Emphasis in original.]

*State v. Washington*, 59 N.C. App. 490, 297 S.E. 2d 170 (1982) (quoting from *State v. Moore*, 51 N.C. App. 26, 275 S.E. 2d 257 (1981) ).

The trial court's order does not contain findings of facts and conclusions from which we can determine that the statutory mandate has been followed. The mere statement that the court has considered "the matters alleged in the bills of indictment and the provisions of the General Statutes § 15A-703, Paragraph (a)" falls far short of the requirement established in *State v. Moore, supra* and re-emphasized in *State v. Washington, supra.* Defendant's rights in this case were further compromised by the trial court's

refusal to allow defendant to make a record as to prejudice. Immediately upon the trial court's ruling of "without prejudice," defendant moved that he be allowed to show the court how he had been prejudiced by the delays in his trial. That motion was denied. We are now left with a record bereft of findings or evidence as to prejudice to defendant's rights. Under these circumstances, we hold that the trial court's failure to make the findings consistent with the requirements of G.S. § 15A-703 requires a new trial. Prior to retrial the trial court must reconsider defendant's motion and make findings of fact and conclusions consistent with G.S. § 15A-703 and our decisions in *State v. Moore, supra* and *State v. Washington, supra.*

[3] Next we consider whether defendant's constitutional right to a speedy trial was violated. In *State v. Tann*, 302 N.C. 89, 273 S.E. 2d 720 (1981), our supreme court set forth four factors to be considered when determining whether a defendant's constitutional right to a speedy trial had been violated. The factors were (1) the length of the delay; (2) the reason for the delay; (3) any waiver of the right by the defendant; and (4) any prejudice to the defendant. While defendant's trial was delayed for a longer period of time than is desirable, there appears to be several valid reasons for the delay including the unavailability of the defendant while he was in the custody of the federal marshals, the unavailability of a key state's witness while he was recuperating from an injury, and the pendency of motions filed by the defendant. This, coupled with defendant's failure to show that any prejudice resulted from the delay, convinces us that defendant's constitutional right to a speedy trial has not been violated. Defendant's argument regarding a violation of his constitutional right to a speedy trial is overruled.

Since we have awarded defendant a new trial, we deem it inappropriate to discuss or decide defendant's other assignments of error as they are unlikely to occur on retrial.

New trial.

Chief Judge VAUGHN and Judge HEDRICK concur.