STATE OF NORTH CAROLINA v. GROVER W. SMITH, D.M.D.

STATE OF NORTH CAROLINA v. MICHAEL G. SMITH, D.M.D.

No. 8710SC364

(Filed 3 November 1987)

1. **Criminal Law § 91— speedy trial—open-ended continuance orders—time not excluded**

   No time was excluded from the 120-day speedy trial period by continuance orders which did not refer to a new trial date or specify an ending date for the period to be excluded under N.C.G.S. § 15A-701(b)(7).

2. **Criminal Law § 91— speedy trial violation—dismissal with prejudice—insufficient findings of statutory factors—remand not required**

   Although the trial court failed to make detailed findings of fact concerning the factors set forth in N.C.G.S. § 15A-703(a) in deciding to dismiss charges with prejudice for failure of the State to comply with the Speedy Trial Act, the case need not be remanded for reconsideration of the issue of prejudice where there was evidence and argument concerning each of the statutory factors, and where it is clear from the record that the trial court carefully considered the statutory factors.

3. **Criminal Law § 91— speedy trial—dismissal with prejudice**

   The trial court did not abuse its discretion in deciding that medical assistance provider fraud charges should be dismissed with prejudice for failure of the State to comply with the Speedy Trial Act.

APPEAL by the State from *Herring, Judge.* Order entered 1 December 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 29 September 1987.

This is an appeal by the State from the dismissal of criminal charges for failure to comply with G.S. 15A-701 *et seq.,* the

Speedy Trial Act. The evidence at the hearing tended to show the following. On 30 September 1985, defendants were each indicted on 42 counts of violating G.S. 108A-63, medical assistance provider fraud. Defendants Grover Smith and Michael Smith are father and son respectively, each engaged in the practice of dentistry. On 5 October 1985 defendants were served with orders for their arrest. Defendants' trial was initially delayed due to numerous discovery motions and several continuances.

On 10 March 1986, the court granted another continuance motion. The order did not specify a new trial date or list an ending date for the period of excusable delay allowable under G.S. 15A-701(b)(7). After the continuance was granted, the prosecutor set a new trial date of 14 April 1986. On 4 April 1986, however, defendants obtained a new continuance, setting 28 April 1986 as the new trial date and excluding the time from 14 April 1986 to 28 April 1986 from the running of the 120 day period of G.S. 15A-701(a).

The case was not tried on 28 April 1986. Instead, the State tried 12 of the 42 counts against Michael Smith beginning on 12 May 1986. On 21 May 1986, the jury returned verdicts acquitting defendant on all 12 counts. On that date, the court issued another continuance order for all remaining counts against both defendants. Like the 10 March order, it failed to refer to a new trial date or specify an ending date for the period to be excluded under G.S. 15A-701(b)(7).

Thereafter, the State attempted to negotiate a mutually convenient trial date with defendants' attorney, but was unable to do so. Finally, in early October 1986, the State calendared the case for trial on 17 November 1986, without the agreement of defendants' counsel. Three days before trial, however, defendants moved to dismiss all charges with prejudice for failure of the State to comply with the Speedy Trial Act. After a hearing, the trial court found that several periods of delay were not excludable, including the period of 10 March 1986 to 14 April 1986 (a 35 day period) and all time after 23 May 1986, the last day of the week in which the 12 counts against defendant Michael Smith were tried (a 175 day period). The trial court concluded the State had failed to comply with the time provisions in G.S. 15A-701. Pursuant to G.S. 15A-703(a), the trial court dismissed all remaining charges with prejudice. The State appeals.

*Attorney General Thornburg, by Special Deputy Attorney General J. Michael Carpenter, for the State.*

*Kirby, Wallace, Creech, Sarda, Zaytoun & Cashwell, by Robert E. Zaytoun, for the defendant-appellees.*

EAGLES, Judge.

I

[1] Subject to certain periods which may be excluded pursuant to G.S. 15A-701(b), G.S. 15A-701(a1)(1) requires the State to bring a defendant to trial within 120 days of arrest, indictment, waiver of indictment, or service of criminal process, whichever occurs last. In this dispute, the 120 day time period began to run from 5 October 1985, the date that defendants were served with criminal process. G.S. 15A-701(b)(7) provides, in relevant part, for the exclusion of delays "resulting from a continuance granted by any judge." This case turns on the effect of the open-ended continuances of 10 March and 21 May. The 21 May 1986 motion and order for continuance, which except for the date is essentially identical to the order of 10 March 1986, reads as follows:

MOTION

The undersigned moves to continue the trial of these charges
From (Date) 5-12-86
Through (Date)
for the reasons checked below.

[X]   The trial of other cases prevented the trial of this case during this session.

Date: 5-21-86

Signature
Prosecutor—Associate Attorney General

ORDER

Considering the factors set forth in G.S. 15A-701(b)(7), the Court finds as a fact that the ends of justice served by granting the continuance outweigh the best interests of the public and defendant in a speedy trial and therefore grants

the continuance for the reasons above. The Court orders that the following time be excluded in determining whether a trial has been held within the time limits established by G.S. 15A-701.

Time Period (From) 5-12-86

Time Period (Through)

Date: 5-21-86

Signature of Judge

In computing periods of exclusion for continuances, the trial court refused to give any effect to the 10 March 1986 and 21 May 1986 orders. We hold that, since the orders did not contain an ending date or time from which the trial court could have computed periods excludable under G.S. 15A-701(b)(7), they exclude no time from the 120 day computation and the trial court properly found a violation of G.S. 15A-701(a1)(1).

The State contends that, rather than finding that the two continuances had no effect for purposes of excluding time from the 120 day computation, the trial court should have considered the ending date for the excludable period to be the date the parties subsequently agreed to as a mutually convenient trial date. If no date were agreed to, the State argues that the ending date should be the date the prosecutor discovered she would be unable to agree with defense counsel on a trial date. Otherwise, the State argues, it will be penalized for attempting to cooperate in reaching an agreement with defendants' counsel. The State argues that cooperation and calendaring by agreement should be encouraged as a matter of public policy. While we agree that cooperation between the prosecutor and a defendant's attorney is to be encouraged where it does not conflict with the public policy which requires prompt trials, the State's approach here is neither workable nor consistent with the purpose of the Speedy Trial Act.

In determining what time is excludable as having resulted from a continuance order, the trial court should be able to determine the excluded period from the face of the order or with reference to easily obtainable, undisputed facts. *See State v. Bare*, 77 N.C. App. 516, 335 S.E. 2d 748 (1985), *disc. rev. denied*, 315 N.C. 392, 338 S.E. 2d 881 (1986) (continuance excluding time through

"July Term 1984" controlled period of delay even though extrinsic evidence indicated date agreed to may have been 9 July 1984). It is not appropriate to leave a continuance open ended, thereby requiring the trial court to hear and consider extrinsic evidence to determine whether and to what extent the intervening time should be excluded for Speedy Trial Act purposes.

More importantly, allowing an open-ended continuance order to exclude from the 120 day period essentially all time thereafter is not compatible with the purposes of the Speedy Trial Act. The statute's purpose is to provide for the effective administration of justice through a prompt determination of an accused's guilt or innocence. *State v. Marlowe*, 310 N.C. 507, 313 S.E. 2d 532 (1984). A defense under the statute is a technical one, independent of a defendant's right to a speedy trial under the Constitution of the United States. *Id.* The legislature has determined that there is a public interest in bringing an accused to a speedy trial, independent of the interest of either the prosecutor or the defendant.

The State has also argued that the trial court's failure to exclude any time pursuant to the two continuances is tantamount to either overruling the judges who issued them, or treating the orders as void. We disagree. The determination that the continuances excluded no time under G.S. 15A-701(b)(7) was merely a refusal by the trial court to read into the continuance orders an ending date that is not explicitly stated. The State's reliance on *State v. Sams*, 317 N.C. 230, 345 S.E. 2d 179 (1986) is, therefore, misplaced.

II

[2] The State next argues that the trial court erred in failing to make sufficient findings of fact and conclusions of law as to whether the dismissal should be with prejudice. The State argues that we should remand for a *de novo* review. We disagree.

G.S. 15A-703(a) provides that upon finding a violation of G.S. 15A-701(a), the trial court must dismiss the charges. Although the statute gives the trial court discretion in determining whether to dismiss with or without prejudice, it requires the trial court to consider, among other factors, (1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal; and (3) the impact of reprosecution on the administration of the Speedy

State v. Smith

Trial Act and on the administration of justice. *State v. Washington,* 59 N.C. App. 490, 297 S.E. 2d 170 (1982); G.S. 15A-703(a).

In *State v. Moore,* 51 N.C. App. 26, 275 S.E. 2d 257 (1981), this court, in dicta, stated that trial courts should make detailed findings of fact and conclusions of law to "demonstrat[e] compliance with the mandate of G.S. 15A-703 that the factors set forth therein be considered" in deciding whether to dismiss with prejudice. *Id.* at 29, 275 S.E. 2d at 260. In *State v. Smith,* 70 N.C. App. 293, 319 S.E. 2d 647 (1984), this court, citing *State v. Moore, supra,* found insufficient a trial court's conclusory statement that it had considered "the matters alleged in the bills of indictment and the provisions of the General Statutes Section 15A-703, Paragraph (a)." Significantly, the court in *Smith* also found that the defendant had not been allowed to make a record on the issue of prejudice.

Here, the trial court's order stated, in part, that:

> BASED UPON THE FOREGOING FINDINGS OF FACT, CONCLUSIONS OF LAW and upon careful consideration of the record, arguments of counsel, and further upon careful consideration of each of the factors mandated in Section 15A-703, the Court CONCLUDES FURTHER AS A MATTER OF LAW that, notwithstanding the dictates and diligence of the State, and the facts and circumstances of the case which led to the dismissal, the Court in its discretion concludes that the seriousness of the offenses, impact of reprosecution on the administration of Article 35 of Chapter 15A and on the administration of justice, and fundamental fairness do not mandate continued criminal prosecution of these Defendants.

While this recitation is more than the trial court's statement in the *Smith* case, it does not comport with the better practice of making specific findings and conclusions. However, we see no need to remand this case for reconsideration of the issue of prejudice. The evidence at the hearing was essentially uncontradicted. It showed that the combined total of the amounts for which defendants were alleged to have made false claims was about $2,600 as to Grover Smith and only about $200 as to Michael Smith. The evidence also showed that the negative publicity from the charges had resulted in severe financial hardship to defendants' dental practices and had forced Michael Smith to relocate to another

town. Moreover, the trial of 12 of the 42 counts against Michael Smith, which the prosecutor testified were among the strongest of the charges, had ended in acquittal.

Therefore, while the trial court failed to make detailed and specific findings of fact on that evidence, it is clear from the record that there was evidence and argument as to the relative seriousness of the offenses, the import of the proceedings on the defendants, the facts and circumstances leading to the dismissals, and the import of reprosecution on the administration of justice and on the administration of the Speedy Trial Act, Article 35. Since it is clear from the record that the trial court already has carefully considered the statutory factors in G.S. 15A-703(a) and determined that dismissal with prejudice is appropriate, this case need not be remanded.

### III

[3] Finally, the State argues that the trial court abused its discretion in dismissing the charges with prejudice. A trial court's ruling may be reversed for abuse of discretion only when it appears so arbitrary that it could not have been the result of a reasoned decision. *State v. Gladden,* 315 N.C. 398, 340 S.E. 2d 673, *cert. denied,* --- U.S. ---, 93 L.Ed. 2d 166, 107 S.Ct. 241 (1986). Because there is evidence in the record to support the trial court's decision, we find no abuse of discretion.

Affirmed.

Judges WELLS and MARTIN concur.